UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACIE BRENNAN** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC** | ) | **JURY TRIAL DEMANDED** |
| **A WHOLLY-OWNED** | ) | |
| **SUBSIDIARY OF PORTFOLIO** | ) | |
| **RECOVERY ASSOCIATES, INC** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Stacie Brennan, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Stacie Brennan, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York Business Law §349.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District.

## III.  PARTIES

4. Plaintiff, Stacie Brennan, is an adult natural person residing in Smyrna, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Portfolio Recovery"), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New York and the Commonwealth of Virginia with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about April 16, 2012, Plaintiff received a collection call from Defendant to her personal cell phone on a debt allegedly owed on a Capital One account.

8. Plaintiff believes that the account is approximately twenty (20) years old.

9. Plaintiff has heard nothing on this account in years.

10. Despite trying to inform the Defendant that she believed that this account was decades old, Defendant continued to speak over the Plaintiff and demand that she set up payment arrangements immediately.

11. Defendant was not clear on the amount that is allegedly owed on this account.

12. During this same call, Plaintiff informed the Defendant that she was not able to make payment arrangements at this time.

13. Defendant's agent informed the Plaintiff that if she could not pay off the account that it would be her responsibility to notify the judge as to the reason why when she is taken to court.

14. Defendant stated that they were not concerned with the age of the account and that the Plaintiff was still responsible to pay the debt in full.

15. Plaintiff was threatened again that she would end up in court on this matter.

16. At no time during Defendant's initial call was the Plaintiff informed of her right to dispute this debt within thirty (30) days.

17. Plaintiff asked to be removed from Defendant's call list and requested something in writing validating this account.

18. Defendant's agent agreed not to call the Plaintiff any further.

19. Defendant continued to place collection calls to the Plaintiff's personal cell phone.

20. On or about April 22, 2012, Defendant called Plaintiff again demanding payment.

21. As of the filing of this complaint, Plaintiff has yet to receive anything in writing from the Defendant on this matter.

22. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(a)(3): | Must state the right to dispute within 30-days |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

30. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

31. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

32. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of

        this state under which the attorney general is authorized to take any action or conduct inquiry

    (h)    In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing ` Plaintiff.

33.    As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

      d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: May 18, 2012**

BY: _/s/ Brent F. Vullings BFV8435_
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff